UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


JAMES M. BOONE,                          )
      Plaintiff,                         )
                                         )
v.                                       )       No. 3:10-CV-144
                                         )       (Phillips)
COMCAST/VERISON, et al.,                 )
      Defendants.                        )


**MEMORANDUM OPINION**


This case is currently before the court on the motions to dismiss filed by Verizon Wireless and Comcast of the South LLC. For the reasons which follow, the defendants' motions to dismiss are granted.


**I.  Background**

Plaintiff James M. Boone is a self-described lawyer. He filed a handwritten complaint on April 5, 2010, entitled "Petition for Damages." The allegations of paragraphs 1 through 3 of the Complaint do not refer to any defendant, but state that plaintiff is domiciled in Louisiana but resides in Tennessee; he "avails himself of all laws of the United States of America, the State of Tennessee and State of Louisiana;" and he "has been and is now a member of the United States Court of Appeals, Bar # 21227.

In paragraph 4, plaintiff states that "Comcast/Verizon (One Corporate Entity) is continuing to disrupt plaintiff's D.O.D. (i.e. Department of Defense) cover;" and that he "purchased a page plus cell phone number 865 278 8596 from 'Ned' whose phone number is 865 522 2222." In paragraph 5, plaintiff alleges there has been a "bad faith intentional disruption of satellite transmission." In paragraph 6, plaintiff requests that the court issue a "cease and desist order" and wants "Defendant Comcast/Verizon to be accountable for their actions." Paragraphs 7, 8 and 9 of the complaint allege that this matter "clearly exceeds the jurisdictional limits;" plaintiff wants a jury trial; and he seeks a judgment "in the amount of one million U.S. Dollars."

## II. Motion to Amend

Plaintiff has moved to amend his complaint to "add additional and indispensable party defendants." When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend the complaint. *E.g., Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir. 1988). Pursuant to Rule 15(a), Federal Rules of Civil Procedure, where a response to a complaint has been filed, the plaintiff may amend the complaint "by leave of the court or by written consent of the adverse party and leave shall be freely given when justice so requires." In exercising its discretion, the court may consider the futility of the motion to amend where a proposed amendment would not survive a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Where it is apparent that the amendment would not survive such a motion, the court should not permit the amendment. *See Thiokol*

*Corp. v. Dept. of Treasury,* 987 F.2d 376, 382 (6th Cir. 1993); *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

Plaintiff has not submitted a proposed amended complaint, and his motion fails to explain the reason for the proposed amendment, or to explain that a cause of action exists against the additional defendants. Plaintiff seeks to add "Edward Arnston" as a party defendant. However, plaintiff has presented no legal or factual basis to sue Arnston. Based on the record, it appears that Arnston provided a declaration verifying that there was improper service of plaintiff's original pleadings. The motion to amend contains no factual or legal allegations against Verizon Communications Inc., or Vodafone. Adding these defendants to this action is unnecessary, unfair, unduly burdensome, and unduly expensive, particularly when there is no factual basis for initiating such an action. Because plaintiff has stated no viable cause of action against Arnston, Verizon Communications, Inc., and Vodafone, his motion to amend to add them party defendants is **DENIED.**

Federal courts have held that a proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleadings, should be denied. *See Bricker v. Crane*, 468 F.2d 1228 (1st Cir. 1982) (when a reading of the proposed amendments establishes that nothing contained therein could cure the deficiencies of the original complaint ... the district court did not abuse its discretion by refusing to allow the requested amendment); *Sierra Club v. Pena*, 915 F.Supp. 1381 (N.D.Ohio 1996); *Goewey v. United States,* 886 F.Supp. 1268 (D.S.C. 1995); *Aughe v. Shalala*, 885 F. Supp. 1428 (W.D.Wash.

1995); *Fariello v. Campbell*, 860 F.Supp. 54 (E.D.N.Y. 1994) (plaintiff's motion to amend was futile in light of the court's rulings that it did not have subject matter jurisdiction). As explained below, this court lacks federal subject matter jurisdiction to adjudicate the vague allegations of plaintiff's complaint. Moreover, plaintiff's allegations of subject matter jurisdiction based upon diversity are legally insufficient – plaintiff fails to identify the residency of the defendants he has sued. With or without additional parties, plaintiff's complaint fails to state a federal claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief may be granted. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court finds that plaintiff's proposed amendment fails to state facts or any theory of recovery upon which relief may be granted against the proposed additional defendants pursuant to state or federal law. Adding additional parties is judicially inefficient, and would be unduly expensive and burdensome for those parties to defend, particularly where it is apparent that no cause of action exists against such parties. Accordingly, plaintiff's motion to amend is hereby **DENIED.**

### III. Motions to Dismiss

Defendants have filed motions to dismiss plaintiff's complaint on the following grounds: (1) lack of subject matter jurisdiction; (2) failure to state a claim upon which relief may be granted; (3) lack of personal jurisdiction; and (4) insufficiency of service of process.

#### A. Motion to Dismiss Under Rule 12(b)(1)

The appropriate standard to employ when reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction turns upon the nature of the motion. Where the Rule 12(b)(1) motion attacks the plaintiff's complaint on its face, the court will consider the well-pled factual allegations of the complaint as true. *O'Bryan v. Holy See*, 549 F.3d 431, 443 (6th Cir. 2008). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* Generally, where subject matter jurisdiction is challenged by way of motion filed pursuant to Rule 12(b)(1), the plaintiff has the general burden of proving jurisdiction. *See, e.g., Rogers v. Stratton Indus., Inc.*, 987 F.2d 913, 915 (6th Cir. 1986).

Subject matter may <u>not</u> be presumed. *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815 (S.D.Ohio 1999). To the contrary, federal courts presume a <u>lack</u> of subject matter jurisdiction until the party asserting jurisdiction proves otherwise. *Unigard Ins. Co. v. Dept. of Treasury*, 997 F.Supp. 1339 (S.D.Cal. 1997). Plaintiff bears the burden of demonstrating the existence of valid federal subject matter jurisdiction. *Delaney v. District of Columbia*, 612 F.Supp.2d 38, 42 (D.D.C. 2009). Here, the complaint does not establish a federal cause of action, and it fails to set forth a basis for diversity jurisdiction.

### B. <u>Subject Matter Jurisdiction</u>

Defendants aver that this court lacks subject matter jurisdiction over plaintiff's complaint. It is well-established that the federal courts are courts of limited subject matter jurisdiction. The district court has original subject matter jurisdiction over actions involving "federal questions," those civil actions arising under the federal Constitution, federal law or

treaties of the United States. *See* 28 U.S.C. § 1331. The district court also has original subject matter jurisdiction based upon "diversity of citizenship," disputes between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

It is unclear from the complaint the basis of the court's subject matter jurisdiction. The complaint alleges that plaintiff "evokes section 1983 of the U.S. Code for jurisdiction or diversity of citizenship." Title 41 U.S.C. § 1983 does not create a federal civil rights cause of action for the alleged "disruption of satellite transmissions." No federal claim is stated for a violation of plaintiff's civil rights. As the complaint fails to plead a factual basis to support the imposition of liability against any defendant under any federal law, the complaint is subject to dismissal for failure to state a federal claim upon which relief may be granted.

### C. Diversity Jurisdiction

Assuming that subject matter jurisdiction in this case is predicated upon diversity of the parties, there are no facts pled which establish that any defendant sued is a citizen of a different state. In actions citing diversity of citizenship as the basis for federal subject matter jurisdiction, plaintiff must demonstrate complete diversity of citizenship. *See City of Indianapolis v. Chase Natl. Bank City of New York*, 314 U.S. 63 (1941). In the absence of proper allegations establishing diversity of citizenship, the court must presume that subject matter jurisdiction does <u>not</u> exist. Plaintiff contends that he is a Tennessee resident, although domiciled in Louisiana. The complaint does not present any allegations

as to the residency of the defendants, Verizon or Comcast. Although plaintiff "invokes" jurisdiction over his original claim by generalized references to "federal" and "state law," no such law or statutory authority is identified in the complaint.

Even if the court were to infer that diversity of jurisdiction exists in this case, the complaint fails to state an amount in controversy. Plaintiff's conclusory allegation that this controversy "exceeds the jurisdictional amount" and he "demands" one million dollars is not sufficient to withstand judicial review as to whether jurisdiction is proper. If defendants challenge the allegation that the amount in controversy is properly satisfied, plaintiff must support his assertion with "competent proof," which means "proof to a reasonable probability that jurisdiction exists." *Target Market Pub. Inc., v. ADVO, Inc.,* 136 F.3d 1139, 1142; *McNutt v. General Motors Accept. Corp.,* 298 U.S. 178 (1936).

The law is well-established that when a jurisdictional amount requirement is necessary to establish subject matter jurisdiction, the federal court must determine whether the matter in controversy in the case meets or exceeds that amount. In determining whether the jurisdictional amount requirement has been satisfied, the federal courts usually look at the record as of the time the issue is raised. Typically the court will rely upon the pleadings. The amount claimed must be stated by plaintiff in good faith. Dismissal is justified if it appears from the face of the pleadings to a legal certainty that the claim is really less than the jurisdictional amount. *St. Paul Mercury Indemnity v. Red Cab*, 303 U.S. 283, 288-89 (1938).

The complaint in this case does not meet the applicable standards for establishing federal subject matter jurisdiction. Absent a factual basis to establish a good faith basis for his claim for damages exceeding the jurisdictional amount, the complaint is subject to dismissal for lack of federal subject matter jurisdiction. *See e.g., Moir v. Greater Cleveland Reg. Transit*, 895 F.2d 266, 269 (6th Cir. 1990).

### D. Motion to Dismiss Under Rule 12(b)(6)

The purpose of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, is to test whether, as a matter of law, plaintiff is entitled to relief even if the factual allegations contained in the complaint are taken as true. Such motions challenge the legal sufficiency of the complaint. *Spurlock v. Whitley*, 971 F.Supp. 1166 (M.D.Tenn. 1997). The Sixth Circuit has recognized that, "the very purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman*, 341 F.3d 559, 566 (6th Cir. 2003). In considering a motion to dismiss under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pled them. However, "the factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action, they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007)). As stated by the Supreme Court in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Although Rule 8, Federal Rules of Civil Procedure, allows for a liberal system of notice pleading, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Permobile v. American Exp. Travel*, 571 F.Supp.2d 825, 832 (M.D.Tenn. 2008) (citing *Twombly*, 127 S.Ct. at 1964)). Trial courts should terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc., v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed.Cir. 1993).

Plaintiff's alleged basis for bringing this action – that Comcast/Verizon is disrupting his "DOD cover (i.e. Department of Defense)" and "this is bad faith intentional disruption of satellite transmissions" fails to state a claim upon which relief may be granted. The complaint fails to state any facts and a theory of recovery upon which relief may be granted against any defendant pursuant to state or federal law. The Sixth Circuit in *Lewis v. ACB Bus. Services*, 135 F.3d 389, 405 (6th Cir. 1998) cautioned that, "the admonishment to liberally construe plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions." Plaintiff must set forth factual allegations to support his theory of recovery under state or federal law sufficient to state a claim upon which federal subject matter jurisdiction may be based. If the facts alleged by plaintiff

"cannot sustain a recovery under <u>some</u> viable legal theory, the complaint does not pass Rule 12(b)(6) muster." *Sutliff v. Dovavon Companies*, 727 F.2d 648, 654 (7th Cir. 1984).

Here, plaintiff presents nothing more than allegations that he has been denied "DOD cover" and that this is "bad faith intentional disruption of satellite transmissions." There is no indication of what, if anything, constitutes "DOD cover" and what, if any, responsibility defendants have to plaintiff with respect to his "DOD cover." No breach of any duty is alleged to have occurred. No contract is identified and no breach of any agreement is specified. While plaintiff alleges that he "purchased a page plus cell phone," he does not allege that he purchased the phone from either defendant. Assuming such purchase, he does not allege any actionable facts involving these defendants. Because the complaint fails to plead a factual basis to support the imposition of liability against any defendant, the complaint is subject to dismissal.

Inasmuch as the court has found that plaintiff has failed to establish subject matter jurisdiction and failed to state a claim upon which relief can be granted, it is not necessary to address the defendants' arguments regarding lack of personal jurisdiction and insufficiency of service of process.

**IV. Conclusion**

For the foregoing reasons, plaintiff's motion to amend his complaint [Doc. 30] is **DENIED**; and the motions to dismiss filed by Verizon Wireless and Comcast [Docs. 5, 19] are **GRANTED, whereby this case is DISMISSED in its entirety, with prejudice.** Any remaining motions are **DENIED AS MOOT.** A judgment consistent with this opinion shall issue.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge